UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MICHAEL W. BELL

       Plaintiff

-vs-                                                                        Case No:  17-cv-580

STOUGHTON TRAILERS, LLC

       Defendant.

---

## COMPLAINT

---

NOW COMES the plaintiff, Michael W. Bell, by his attorneys FOX & FOX, S.C. and as and for a complaint against the defendant, Stoughton Trainers, LLC, states as follows:

### I.    NATURE OF THE CASE

1. This is a civil action alleging race discrimination in employment in violation of plaintiff's rights under 42 U.S.C. § 2000e et seq (Title VII) and 42 U.S.C. § 1981. Specifically, plaintiff alleges that Stoughton Trailers, LLC subjected him to disciplinary action and terminated his employment as a production machine operator because of his race, African American. Plaintiff seeks compensation for the injuries he sustained including past and future lost wages and benefits, compensatory and punitive damages, and attorney fees and costs.

## II. ADMINISTRATIVE PREREQUISITES

2. Plaintiff has complied with all administrative prerequisites for suit under the Title VII. On September 15, 2015 he filed a timely claim of race discrimination with the Wisconsin Equal Rights Division and the Equal Employment Opportunities Commission. On July 18, 2016 he received a finding of probable cause to believe that Stoughton Trailers, LLC terminated his employment because of his race. On June 2, 2017 he received a Notice of Right to Sue.

## III. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

4. The Western District of Wisconsin is the proper venue for this action, pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this district.

## III. PARTIES

5. Plaintiff Michael W. Bell is an adult resident of the State of Wisconsin currently residing at 108 N. Washington Street, Janesville, WI 53548.

6. Defendant Stoughton Trailers, LLC, is a corporation licensed to do business in the State of Wisconsin. Defendant's business address is 416 S. Academy Street, Janesville, Wisconsin 53589. Defendant is an employer as defined under Title VII.

## IV.     FACTUAL ALLEGATIONS

7. Plaintiff worked for Stoughton Trailers, LLC, as a production machine operator from June 13, 2011 until his termination on November 20, 2014.

8. Plaintiff was trained as a Brake Press operator. Specifically, he was trained to operate the 400-ton Pacific Brake presses.

9. Plaintiff met all of the legitimate expectations of his position. He was able to perform all required duties on the Brake presses and the quality of his work was on par with all but the very best operators who had many years more experience.

10. Plaintiff was a hard worker and a good operator.

11. Plaintiff was supervised by Dennis Peuvion, who was manager of the Sheet Metal department from May 20, 2012 until February 8, 2014, and then by Jeff Lind who took over supervision of the department in mid February 2014.

12. When Jeff Lind took over supervision of the department the work environment became hostile. Lind was hard on all employees; however, he was especially hard on African American employees.

13. Lind was harsh in his tone, demeanor and language toward African American employees as compared to white employees.

14. Lind treated African American employees less favorably than similarly situated white employees in the terms and conditions of their employment.

15. On or about May 13, 2014 Lind issued plaintiff a warning placing him on 30-days probation for alleged performance issues causing 'out-of spec' orders, the shut down of production lines and monetary losses for the company.

16. None of plaintiff's similarly situated white coworkers were ever placed on 30-days probation for 'out-of spec' orders resulting in scrap metal and/or monetary losses.

17. The Brake presses plaintiff operated were high quality machines; however, they were old and not well maintained and were inaccurate.

18. The ability of the Brake presses to maintain specific tolerances often changed unexpectedly as a result of factors outside the control of the machine operators.

19. Mistakes, or 'out-of-spec' parts, happened to all operators and usually no discipline was given to operators for mistakes on any of the equipment in the Sheet Metal department.

20. A combination of factors such as overscheduled workdays and long hours, poor quality and 'out-of-spec' quality metal, poor equipment and dies, and old and/or out of date CNC controls made discipline unfair as the equipment could cause bad parts with no input from the operator due to its age and wear and inconsistent material.

21. Lind singled plaintiff out for disciplinary action by placing him on 30-days probation because of his race.

22. On November 14, 2014, while plaintiff was working on one of the 400-ton Brake presses with another operator, Richard Erbe, a mistake occurred, which caused Stoughton Trainers to lose $2,000 worth of metal to scrap.

23. Plaintiff was subsequently terminated for the mistake, whereas Erbe, who was a white employee, received only a written warning.

24. Plaintiff was terminated, whereas Erbe received only a written warning, even though plaintiff's measurements were correct and the mistake was made by Erbe.

25. The Brake presses in the 400-ton range required two operators to operate due to material size, length and weight.

26. When working in pairs on the Brake presses each operator was responsible for checking his own work and verifying specifications on his end of the material.

27. No operator was ever held responsible for another operator's mistake when they were working together on the presses.

28. Lind never told plaintiff to double check Erbe's work. Nonetheless Lind held plaintiff responsible for Erbe's mistake and terminated his employment.

29. Lind terminated plaintiff's employment because of his race.

30. During plaintiff's employment supervisors and other employees made negative racial insinuations and comments, creating a hostile work environment.

31. Supervisors, including Lind, made negative remarks that were directed at the race, ability and education of employees including plaintiff.

32. On one occasion during a conversation about the skills and abilities of various employees in the departments an employee stated, "F'n N's are worthless." No action was taken regarding the racially charged remark.

33. At the time of plaintiff's discharge there were four other African American employees, who upon information and belief subsequently left their employment because of the discriminatory work environment.

### V. CLAIM FOR RACE DISCRIMINATION UNDER TITLE VII

34. As and for a first cause of action for race discrimination under Title VII plaintiff incorporates and re-alleges all of the preceding paragraphs as if set forth fully herein.

35. The defendant's actions as described above, including but not limited to subjecting plaintiff to a racially hostile work environment, and disciplining and discharging plaintiff because of his race, violated plaintiff's rights to be free from race discrimination under Title VII.

36. Defendant's discriminatory treatment of plaintiff, as described above, caused plaintiff substantial damages including but not limited to loss of wages and benefits, both past and future, psychological injury, emotional distress and humiliation and embarrassment. The plaintiff will continue to suffer these damages in the future.

## VI. CLAIM FOR RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

37. As and for a second cause of action for race discrimination under 42 U.S.C. § 1981 plaintiff incorporates and re-alleges all of the preceding paragraphs as if set forth fully herein.

38. The defendant's actions as described above, including but not limited to subjecting plaintiff to a racially hostile work environment, and disciplining and discharging plaintiff because of his race, violated plaintiff's rights to be free from race discrimination under 42 U.S.C. § 1981.

39. Defendant's discriminatory treatment of plaintiff, as described above, caused plaintiff substantial damages including but not limited to loss of wages and benefits, both past and future, psychological injury, emotional distress and humiliation and embarrassment. The plaintiff will continue to suffer these damages in the future.

## VII. CLAIM FOR PUNITIVE DAMAGES

40. As and for a cause of action for punitive damages plaintiff incorporates and re-alleges all of the preceding paragraphs as if set forth fully herein.

41. Defendants actions as described above including but not limited to subjecting plaintiff to a racially hostile work environment, and disciplining and discharging plaintiff because of his race, were undertaken in wanton, willful and/or reckless disregard of the plaintiff's rights under the under Title VII and 42 U.S.C. § 1981 thereby entitling plaintiff to an award of punitive damages.

## IX. JURY DEMAND

WHEREFORE, plaintiff demands a trial by jury on all of his claims and relief as follows:

A. Compensatory damages for psychological injury, emotional distress, and humiliation and embarrassment;

B. Compensation for lost pay and benefits, both past and future;

C. Punitive damages;

D. A finding of race discrimination in violation of plaintiff's rights under Title VII and 42 U.S.C. § 1981;

E. Reasonable attorney fees and costs incurred in this action and in plaintiff's administrative action before the Equal Rights Division, and;

F. Such other relief the Court may deem just and proper.

Respectfully submitted this 26th day of July 2017:

FOX & FOX, S.C.

S/Mary E. Kennelly

_____

Mary E. Kennelly
SBN: 01019036
Counsel for Plaintiff
124 West Broadway
Monona, WI 53716
Telephone: 608/258-9588
Facsimile: 608/258-9105
E-mail: mkennelly@foxquick.com